Argued and submitted June 9, order modified to eliminate consecutive sanctions; affirmed as modified December 17, 1986

## PHILLIP VINCENT COAKLEY,
*Petitioner,*

*v.*

## OREGON STATE CORRECTIONAL INSTITUTION,
*Respondent.*

(6-294F, 6-323F; CA A37714)

730 P2d 622

Steven H. Gorham, Salem, argued the cause and filed the brief for petitioner.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Young, Judge.

PER CURIAM

## PER CURIAM

Petitioner seeks review of a disciplinary order. On June 23, 1985, he took the elastic out of his shorts and used it to "fish" for a book through the sewage system at the segregation unit at the prison. After that incident, his cell was searched; marijuana was found. He admitted that the marijuana was his and that he had acquired it by fishing through the toilet. He was found guilty of destruction of property (Rule 6) and possession of dangerous contraband (Rule 7).[1] He was given three months in segregation for each violation, to be served consecutively.

■ Petitioner contends that there was insufficient evidence to support a violation of Rule 6, because he did not "destroy" his shorts in the course of making them useless as clothing. The rule's title *is* "Destruction of Property." The rule, however, provides:

"No inmate shall negligently, or except as authorized by staff, willfully destroy, alter, tamper with, abuse, waste, or deface materials or property."

Removing the elastic from the shorts falls within the scope of the rule, and there is substantial evidence that petitioner violated it.

■ Respondent concedes that the imposition of consecutive sanctions in this case violates its rules.

Order modified to eliminate consecutive sanctions; affirmed as modified.

---

[1] OAR 291-105-015(6) and (7).